[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 28, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11090
Non-Argument Calendar

_____

D. C. Docket No. 06-00065-CR-FTM-29SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL TYLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 28, 2007)**

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Michael Tyler appeals his 600-month sentence, where the applicable

guideline range was 292-365 months, after he pled guilty to transporting visual depictions involving the use of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(1), being a parent or legal guardian who permitted or assisted the sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(b), and using a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a). On appeal, Tyler argues that his sentence is procedurally and substantively unreasonable, and that it is excessive in violation of the Eighth Amendment.

## I. Reasonableness of Tyler's Sentence

We review a defendant's sentence for reasonableness. United States v. Booker, 543 U.S. 220, 264, 125 S.Ct. 738, 767, 160 L.Ed.2d 621 (2005); United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005).[1] After Booker, sentencing requires two steps: first, the district court must correctly calculate the guideline range; second, the district court must consider several factors listed in 18 U.S.C. § 3553(a) in arriving at a reasonable sentence. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Tyler does not challenge the calculation of his guideline range, but rather contends that his sentence was unreasonable.

A sentence may be procedurally or substantively unreasonable. United

---

[1] We need not address the government's contention that plain error applies because we can affirm Tyler's sentence even under a review for reasonableness.

States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). "A sentence may be unreasonable if it is the product of a procedure that does not follow Booker's requirements, regardless of the actual sentence. Additionally, a sentence may be substantively unreasonable, regardless of the procedure used." Id. Our reasonableness review is deferential, and requires us to "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in [§] 3553(a)." Talley, 431 F.3d at 788. The party challenging the sentence "bears the burden of establishing that the sentence was unreasonable in light of [the] record and the factors in section 3553(a)." Id.

In arriving at a reasonable sentence, the district court is required to consider the factors set out in 18 U.S.C. § 3553(a):

> 1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Id. at 786 (citing 18 U.S.C. § 3553(a)). The district court shall impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of factors two through five listed above. 18 U.S.C. § 3553(a). It is sufficient for the

3

district court to acknowledge that it has considered the § 3553(a) factors, but it need not explicitly discuss each of them. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). We have recognized that "there is a range of reasonable sentences from which the district court may choose." Talley, 431 F.3d at 788. Necessarily, there are also "sentences outside the range of reasonableness that do not achieve the purposes of sentencing stated in § 3553(a) and that thus the district court may not impose." United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006).

In the instant case, Tyler contends that his sentence was procedurally unreasonable because the district court failed to consider his lack of criminal history, age, and drug addiction. The district court, however, did in fact consider these mitigating factors by considering Tyler's sentencing memorandum and the pre-sentence investigation report. Furthermore, the district court expressly found that Tyler's conduct was not attributable to his drug abuse. Tyler also argues that the district court was not permitted to rely on factors incorporated in the calculation of his guideline range when conducting a variance under 18 U.S.C. § 3553(a). This argument, however, is not supported by our case law. See United States v. Amedeo, 487 F.3d 823, 833 (11th Cir. 2007).

Tyler argues that his sentence was substantively unreasonable because the

4

district court created an unwarranted sentencing disparity. He cites various district court cases in which defendants convicted of child pornography offenses received sentences no greater than 180 months' imprisonment. Assuming without deciding that this approach is acceptable, the cases cited are distinguishable from the instant case because, unlike Tyler's conduct, none of the defendants in those cases engaged in repeated sexual misconduct with multiple children including the defendant's adopted son, documented that conduct, and transmitted it over the Internet. Tyler has, thus, not demonstrated an unwarranted sentencing disparity. Furthermore, Tyler has not demonstrated that his sentence was otherwise substantively unreasonable.

## II. Tyler's Eighth Amendment Challenge

We review Tyler's Eighth Amendment challenge for plain error because Tyler failed to raise this issue in the district court. United States v. Raad, 406 F.3d 1322, 1323 (11th Cir. 2005). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Id. (quotations omitted).

"The Eighth Amendment, which forbids cruel and unusual punishments,

contains a narrow proportionality principle that applies to noncapital sentences."

Ewing v. California, 538 U.S. 11, 20, 123 S.Ct. 1179, 1185, 155 L.Ed.2d 108 (2003) (quotations omitted). Outside the context of capital punishment, the Supreme Court has made clear that successful challenges to the proportionality of sentences are exceedingly rare. Raad, 406 F.3d at 1323. In reviewing an Eighth Amendment challenge, the defendant has the burden to make a threshold showing that "the sentence imposed is grossly disproportionate to the offense committed . . . ." Id. (citations omitted). We have held that, "[i]n general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." United States v. Moriarty, 429 F.3d 1012, 1024 (11th Cir. 2005) (quotation omitted); accord United States v. Johnson, 451 F.3d 1239, 1243-44 (11th Cir.), cert denied, 127 S.Ct. 462 (2006).

Tyler argues that his sentence was excessive in violation of the Eighth Amendment. This argument fails because the district court sentenced Tyler to the statutory maximum on all three counts. Because the court sentenced Tyler within statutory limits, Tyler has not made the required threshold showing of disproportionality. Johnson, 451 F.3d at 1243. Thus, Tyler's sentence did not violate the Eighth Amendment.

**AFFIRMED.**

6